940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MOSS, Plaintiff-Appellant,
v.
CITY OF INKSTER, Hines, Officer, White, Officer, Kane,
Sergeant, Kanitz, Officer, Shea, Officer, De
Ghetto, Officer, Thomas Freeman,
Officer, Defendants-Appellees.
 No. 90-2155.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 David Moss filed a civil rights action under 42 U.S.C. Sec. 1983 in which he sought monetary damages in connection with an arrest and subsequent detention. The district court granted summary judgment for the defendants, the City of Inkster, Michigan, and seven named Inkster police officers, and this appeal followed. The parties have briefed the issues, Moss acting without counsel.
 
 
 4
 Upon consideration, we find that the district court properly entered summary judgment for the City of Inkster. Moss's claim, that the City of Inkster failed properly to train its police officers, is totally without support in the record or the law as set forth in City of Canton, Ohio v. Harris, 489 U.S. 378, 388-92 (1989).
 
 
 5
 The judgment for the officers is more problematic. Summary judgment is appropriate only where the evidentiary material shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden is on the moving party to show that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Our examination of the record reveals that the parties have submitted diametrically opposed versions of the incident in question. The version submitted by Moss may well support a jury verdict, if believed, on one or more of his claims. The summary judgment was thus improvidently granted as to the seven officers, whom we find to have been sued in their individual capacities.
 
 
 6
 Accordingly, the district court's judgment for the City of Inkster is affirmed and the judgment for the seven named police officers is vacated and remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation